IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FALLS LAKE NATIONAL        )
INSURANCE CO.,             )
                           )
            Plaintiff,     )
                           )
v.                         )   Civil Action No. 3:23-cv-142–HEH
                           )
WILBOURNE LAND AND TIMBER, )
INC., *et al.*,            )
                           )
            Defendants.    )

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss)

This case arises from a dispute over insurance coverage for the death of Jerry Dean Robbins ("Robbins") on November 17, 2020, at Wilbourne Land and Timber, Inc.'s ("WLT") logging site. Defendant Lindsey Satterwhite ("Satterwhite"), the Administrator of Robbins' estate, sued WLT and Javier Salas-Zarate Francisco ("Francisco") in Mecklenburg County Circuit Court, No. LC21-1331-00 ("State Proceeding"), for causing the accident that killed her father, Robbins. Plaintiff Falls Lake National Insurance Co. ("Falls Lake" or "Plaintiff") filed this Complaint for Declaratory Judgment urging the Court to find that it owes no coverage for the accident under the Commercial General Liability Coverage Part ("CGL Coverage Part") or the Commercial Automobile Coverage Part ("Business Auto Coverage Part") of WLT's commercial lines insurance policy (the "Policy"). Plaintiff also urges the Court to find that it owes no duty to indemnify WLT or Francisco, a WLT employee involved in the accident, for any damages resulting from the

State Proceeding. (Compl. ¶¶ 49–51, ECF No. 1.) Plaintiff insured WLT, and the Policy's named insureds included WLT, Wilbourne Farms Trucking, LLC ("WFT"), and Wilbourne Farms, LLC.

This matter is before the Court on Defendants WLT's, WFT's, Satterwhite's, and Francisco's (collectively, "Defendants") Motions to Dismiss, or in the alternative, Motions to Stay Proceedings (the "Motions," ECF Nos. 16, 25, 27).[1] Defendants seek to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). (Satterwhite Mem. in Supp. at 1; Francisco Mem. in Supp. at 1.) In the alternative, Defendants seek to stay the proceedings pending the outcome of the state court action. (Satterwhite Mem. in Supp. at 1; Francisco Mem. in Supp. at 1.) Plaintiff opposes Defendants' Motions. The parties filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Civ. Rule 7(J). For the reasons stated herein, the Court will grant Defendants' Motions to Dismiss.

## I. BACKGROUND

Robbins was employed by WFT as a commercial truck driver who primarily hauled felled trees. (Compl. ¶ 10.) WLT is a logging business and cuts trees at various tracts where it is hired to do so. (*Id.* ¶ 11.) On November 17, 2020, Robbins was

---

[1] Satterwhite filed her Motion (ECF No. 16) and Memorandum in Support (ECF No. 17) on March 29, 2023. Francisco, WLT, and WFT filed joint Motions (ECF Nos. 25, 27) and Memoranda in Support (ECF Nos. 26, 28) on April 13, 2023. Citations to the joint Motions herein reference Francisco's filings. Because Defendants' Motions are substantively similar, the Court addresses the Motions collectively.

operating a tractor trailer—a 2005 International 9200I (the "International")—with a full load of timber when it became stuck in the mud on a dirt road. (*Id.* ¶ 12.) Robbins contacted another truck driver over the radio, who relayed to WLT that Robbins was stuck and needed assistance. (*Id.* ¶ 13.) WLT instructed Francisco to drive a John Deere Skidder[2] to the site to push the truck free from the mud. (*Id.* ¶ 14.) Robbins got out of the International, and Francisco then pushed the International with the Skidder. (*Id.* ¶¶ 15–16.) As Francisco pushed the truck, Robbins was knocked to the ground and run over by the International, causing his death. (*Id.* ¶ 17.)

Satterwhite filed suit in Mecklenburg County Circuit Court seeking to recover $3,500,000 against Francisco and WLT for the accident that killed her father, Robbins. (*Id.* ¶ 6.) In that action, Satterwhite asserts two claims: (1) negligent design, construction, or maintenance of the dirt road by WLT; and (2) negligence and vicarious liability against WLT and Francisco as a result of Francisco's operation of the Skidder and his failure to warn Robbins before pushing the International with the Skidder. (*Id.* ¶ 18.)

At issue is the scope of coverage under the Policy issued to WLT, WFT, and Wilbourne Farms, LLC as named insureds. (*Id.* ¶ 21.) The Policy contains a Business Auto Coverage Part, a CGL Coverage Part, and a Commercial Inland Marine Coverage Part. (*Id.* ¶ 20.) The Parties disagree as to whether the Policy provides coverage to WLT

---

[2] The Merriam-Webster Dictionary defines skidder as "a tractor used especially for hauling logs." *Skidder*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/skidder (last visited September 7, 2023).

3

or Francisco under either the Business Auto Coverage Part or the CGL Coverage Part. (*Id.* ¶ 48.)

## II. DISCUSSION

Plaintiff brings this action under the Declaratory Judgment Act (the "Act"), which grants a district court discretion to issue a declaratory judgment. 28 U.S.C. § 2201. The Fourth Circuit has held that where an action seeking declaratory relief is filed in federal court while a parallel state action is pending, "courts have broad discretion to abstain from deciding declaratory judgment actions," and in exercising their discretion they "weigh 'considerations of federalism, efficiency, and comity' to choose whether to retain jurisdiction over the case." *Med. Mut. Ins. Co. of N.C. v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022) (quoting *VonRosenberg v. Lawrence*, 781 F.3d 290, 297 (4th Cir. 2015)). "[H]earing declaratory judgment actions in such circumstances is ordinarily 'uneconomical,' 'vexatious,' and risks 'gratuitous interference' with state court litigation." *Id.* The Fourth Circuit has also counseled federal courts to exercise their discretionary jurisdiction with caution. *See Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019).

The Fourth Circuit articulated the following four factors for district courts to consider when exercising jurisdiction in declaratory judgment actions involving ongoing state court proceedings:

> (1) whether the state has a strong interest in having the issues decided in its courts;
> (2) whether the state courts could resolve the issues more efficiently than the federal courts;

>   (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and
>   (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (the "*Nautilus* factors"). "A district court has 'wide discretion' in applying these factors, but '[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Allstate Prop. & Cas. Ins. Co. v. Cogar*, 945 F. Supp. 2d 681, 687 (N.D. W. Va. 2013) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996)).

The first *Nautilus* factor weighs against exercising jurisdiction. The Commonwealth has a strong interest in Plaintiff's claim because the statutes and Policy at hand are purely state issues. *See Am. Motorists Ins. Co. v. Commonwealth Med. Liab. Ins. Co.*, 306 F. Supp. 2d 576, 581 (E.D. Va. 2004) (finding that issues raised in the liability insurer's declaratory judgment action were "purely state law contract and insurance issues, which Virginia has a strong interest in deciding." (citations omitted)). While the parties disagree as to the complexity of this case, the Court believes the issues presented are potentially complex—Plaintiff maintains there is no insurance coverage under multiple theories and raises issues of joint employment, common enterprise, and statutory employment. Thus, because the Commonwealth has a strong interest in having the issues decided in its courts, and dispositive issues could involve complex questions of state law, the first factor supports abstention.

5

The second factor, whether state courts could resolve the issues more efficiently than the federal courts, is relatively neutral but leans slightly in Defendants' favor. The State Proceeding was filed long before the present federal suit and will address the same key issue in this case—whether Robbins was WLT's employee which will determine the coverage under the Policy. The State Proceeding is further along than the present case, and Mecklenburg County Circuit Court already held an evidentiary hearing on this issue on April 3, 2023. On the other hand, the state action does not encompass the issue of whether the Absolute Auto Exclusion bars coverage. Nor is Plaintiff a party to the state litigation. Additionally, Plaintiff has the ability to bring this same declaratory action in Mecklenburg County, where the related litigation is pending. *See Littaua*, 35 F.4th at 211. Although Mecklenburg County may not resolve all the issues raised before this Court, it can resolve the core issues more efficiently because the State Proceeding is well underway.

The third factor weighs heavily in Defendants' favor as there are "overlapping issues of fact or law" which may create unnecessary "entanglement" between the state and federal courts. *Nautilus*, 15 F.3d at 377. As previously mentioned, both lawsuits contain the same core question, whether Robbins was WLT's employee, which is pending in the parallel state court proceeding. Thus, resolving this question may facilitate the state court's ability to address the central underlying claim. While there is no overlap on the Absolute Auto Exclusion issue, the requisite facts and law are largely the same in both proceedings which could result in unnecessary "entanglement" between the courts.

6

The fourth factor also weighs in favor of this Court staying its hand. Procedural fencing occurs when "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 121 (4th Cir. 2006). As noted, the issue of whether Robbins was WLT's employee had not been decided when Plaintiff filed this suit. Yet Plaintiff chose to race to this Court, to seemingly circumvent its resolution by the Mecklenburg County Circuit Court in the parallel action.

Therefore, after assessing the *Nautilus* factors, this Court will decline to exercise jurisdiction under the Declaratory Judgment Act. 28 U.S.C. § 2201(a). Accordingly, Defendants' Motions will be granted, and this case will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 11, 2023
Richmond, Virginia

7